# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ERIC DOUGLAS POWERS,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:20CV00520 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **RANDALL MATHENA, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*Eric Douglas Powers, Pro Se Plaintiff.*

The plaintiff, Eric Douglas Powers, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that as an inmate with diagnosed mental health issues, his current housing assignment at River North Correctional Center ("River North") violates his constitutional rights in various ways.[1]  After review of the record, I find that Powers' separate request for interlocutory injunctive relief must be denied.

Powers' allegations and submissions indicate that in April of 2020, he graduated from a program for mental health inmates at Wallens Ridge State Prison ("Wallens Ridge").  As a result, in July of 2020, officials of the Virginia Department of Corrections transferred him to River North.  Powers complains that River North

---

[1] In a separate order, I will direct the Clerk to attempt service of process on the defendants in this case.

officials have not assigned him to the housing area and programming most appropriate for his current classification status. He claims that he is currently confined with general population inmates who are being punished for disciplinary infractions, rather than being confined with other inmates with a classification status similar to his own, and that he is being required to redo programming at River North that he previously completed at Wallens Ridge. Powers asserts that this misclassification has resulted in deprivation of personal property items, denial of privileges, denial of prayer oils for unspecified religious practices, and other adverse consequences. As relief, he asks the court to order a new housing assignment.

Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a *clear* showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). To qualify as irreparable, the feared harm must be "neither remote nor speculative, but actual and imminent," *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989) (internal quotation marks and citations omitted), such that it poses a real and immediate threat, *Dan River, Inc. v. Icahn*, 701 F.2d 278, 283 (4th Cir. 1983).

In Powers' separate pleadings seeking interlocutory injunctive relief, ECF Nos. 6 and 12, he simply repeats his complaints about his current housing status. He

does not describe any respect in which the conditions in this housing unit create an imminent risk that he will suffer irreparable harm of any kind.  Moreover, as to his claim that he has no prayer oil, Powers fails to allege how his inability to procure this item substantially burdens his ability to practice his sincere religious beliefs as required to state a claim that his constitutional rights are being violated.  *See Wall v. Wade*, 741 F.3d 492, 498 (4th Cir. 2014) (inmate's First Amendment right to free exercise of religious rights requires showing that challenged prison practice "impose[s] a substantial burden on a prisoner's right to practice his religion").

Accordingly, Powers' motions fail to state facts on which he can show that he meets all of the four showings under *Winter*.  Thus, I cannot find that he is entitled to the extraordinary, interlocutory injunctive relief that he seeks.[2]  For the reasons stated, it is **ORDERED** that the motions, ECF Nos. 6 and 12, are DENIED.

ENTER:   November 23, 2020

/s/  JAMES P. JONES
United States District Judge

---

[2]  Powers also asks for a temporary restraining order.  These orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond.  *See* Fed. R. Civ. P. 65(b).  Such an order would only last until such time as a hearing on a preliminary injunction could be arranged.  As it is clear from the outset that Powers is not entitled to a preliminary injunction, I find no basis upon which to grant him a temporary restraining order.