# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

|  |  |  |
|---|---|---|
| **ERIC DOUGLAS POWERS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:20CV00520 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **RANDALL MATHENA, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Eric Douglas Powers, Pro Se Plaintiff.*

The plaintiff, Eric Douglas Powers, a Virginia inmate proceeding pro se, filed this civil rights action under 28 U.S.C. § 1983, alleging that as an inmate with diagnosed mental health issues, his current housing assignment at River North Correctional Center ("River North") violates his constitutional rights in various ways. After review of the record, I find that Powers' separate motions seeking interlocutory injunctive relief must be denied.

In this lawsuit, filed in August of 2020, Powers complains that after he completed a program for mental health inmates at Wallens Ridge State Prison ("Wallens Ridge"), he was transferred in July of 2020 to River North. His Complaint asserts that he is not assigned to the housing area and programming most appropriate for his current classification and mental health status and that his current housing assignment conditions aggravate his mental health problems. By Opinion and Order

entered November 23, 2020, I denied Powers' previous motion seeking interlocutory relief, finding that he did not state facts warranting such an extraordinary remedy. Powers has moved for reconsideration of that ruling, but because I find no reason to alter my prior ruling, I will deny his motion.

On January 29, 2021, the court received and docketed new pleadings from Powers, ECF Nos. 25 and 27, that I construe together as a new request for preliminary injunctive relief, concerning events that occurred after he filed this lawsuit. Specifically, he asserts that in October of 2020, he stabbed himself in the neck and tried to hang himself in his cell, allegedly because his living conditions had aggravated his mental health problems.

A party seeking preliminary injunctive relief must make a *clear* showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). To qualify as irreparable, the feared harm must be "neither remote nor speculative, but actual and imminent," *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989) (internal quotation marks and citations omitted), such that it poses a real and immediate threat, *Dan River, Inc. v. Icahn*, 701 F.2d 278, 283 (4th Cir. 1983).

While the incident of self-injury in October of 2020 is concerning, I do not find it to warrant the immediate injunctive relief that Powers is seeking here. The defendants are due to respond shortly to Powers' underlying claims about his housing assignment. Moreover, three months have passed since that self-harm incident. Powers himself asserts that after his transfer to River North in July of 2020, he did not harm himself before, and has not harmed himself since, that particular occasion in October of 2020. ECF No. 27. Accordingly, I conclude that Powers' motions fail to state facts on which he can show that he meets all of the four showings under *Winter*. Thus, I will deny the motion for interlocutory injunctive relief.

I will, however, construe Powers' submissions as Motions to Amend, presenting additional factual information and argument regarding the claim that the defendants have been deliberately indifferent to risks of harm Powers has faced under the living conditions at River North since his transfer in July of 2020, given his mental health problems. To the extent that the motions may seek to raise new claims against a new defendant, Lieutenant Lowe, however, I deny such amendments as improperly joined to this civil action. *See* Fed. R. Civ. P. 18, 20. Furthermore, I will deny the motion seeking discovery related to alleged misconduct by Lowe, ECF No. 26.

For the reasons stated, it is **ORDERED** as follows:

1. Powers' motion, ECF No. 18, seeking reconsideration of my prior order denying interlocutory injunctive relief, is DENIED;

2. Powers' motions, ECF Nos. 25 and 27, seeking interlocutory injunctive relief, are DENIED;

3. Powers' motions, ECF Nos. 25 and 27, and a related declaration, ECF No. 20, are CONSTRUED as Motions to Amend, which are GRANTED IN PART AND DENIED IN PART.  The motions are GRANTED as amendments to the existing claims against the existing defendants.  The motions are DENIED to the extent that they seek to add any new claims against any new defendant; and

4. Powers' motion, ECF No. 26, seeking discovery unrelated to the claims in his Complaint, is DENIED.

ENTER:   February 3, 2021

/s/  JAMES P. JONES
United States District Judge