# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ERIC DOUGLAS POWERS,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:20CV00520 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **RANDALL MATHENA, ET AL.,** ) | By:  James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*Eric Douglas Powers, Pro Se Plaintiff.*

The plaintiff, Eric Douglas Powers, a Virginia inmate proceeding pro se, filed this civil rights action under 28 U.S.C. § 1983, alleging that as an inmate with diagnosed mental health issues, his current housing assignment at River North Correctional Center ("River North") violates his constitutional rights in various ways.  After review of the record, I find that Powers' latest, separate request for interlocutory injunctive relief must be denied.

In Powers' most recent motion seeking interlocutory relief, received on February 4, 2021, he complains about verbal threats that officers have made to him. On January 28, 2021, the warden allegedly told Powers that if he did not drop his civil action, he would not need to kill himself, because staff would "take care of it," Mot. 1, ECF No. 31.  On January 25, 2021, after Powers informed a unit manager of threats against him, she allegedly said that if he had not filed a lawsuit, such things

would not happen. On January 27, 2021, after Powers allegedly asked an officer when he would be moved to less restrictive housing, the officer said he might be able to help Powers if he dropped his lawsuit. Another officer allegedly told Powers that he does not "care what his prisoners do because he gets to go home every day," he will not speak up against his fellow officers, if Powers does not like that, he "shouldn't have gotten locked up," if Powers "die[d] in here he'd not lose any sleep over it," and staff would likely go "have drinks afterward." *Id.* at 4. Powers states, "I really need help from the courts on this." *Id.* at 3.

Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a *clear* showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). To qualify as irreparable, the feared harm must be "neither remote nor speculative, but actual and imminent," *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989) (internal quotation marks and citations omitted), such that it poses a real and immediate threat, *Dan River, Inc. v. Icahn*, 701 F.2d 278, 283 (4th Cir. 1983).

Powers' current pleading is built on nothing more than alleged verbal threats from staff members. While allegations that officers have made such comments, if true, are disturbing and the alleged comments are certainly unprofessional, alleged

threats alone do not support a claim that Powers has been, or is likely to be, deprived of constitutionally protected rights.  *See, e.g., Wilson v. McKellar*, 254 F. App'x 960, 961 (4th Cir. 2007) (unpublished); *Carter v. Morris*, 164 F.3d 215, 219 n.3 (4th Cir. 1999).  As such, Powers' motion fails to show any likelihood of success on the merits of the claims in his motion.

Accordingly, Powers' motion fails to state facts on which he can meet all four of the required showings under *Winter*.  Because I thus cannot find that he is entitled to the extraordinary, interlocutory injunctive relief that he seeks, it is **ORDERED** that the motion, ECF No. 31, is DENIED.

          ENTER:  February 8, 2021

          /s/  JAMES P. JONES
          United States District Judge